IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **Scotty Lee White,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:23-cv-00208-SNLJ |
| **Paul Hopkins, in his official capacity** ) | |
| **as Medical Center Director, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM and ORDER**

This matter comes before the Court on defendants' Motion to Correct an Oversight in the Court's Order and for an Indicative Ruling. [Doc. 74.]

**I. Background**

On July 2, 2024, this Court entered an Order, [Docs. 66, 67], dismissing plaintiff's case and denying his outstanding Rule 11 Motion for Sanctions, [Doc. 63], as moot. Plaintiff has since filed an appeal. [Doc. 68.]

Defendants now rightly point out that a Rule 11 motion "'raises a collateral and independent claim.'" *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 485 (8th Cir. 1988) (quoting *Obin v. District No. 9 of the Int'l Ass'n of Machinists*, 651 F.2d 574, 582 (8th Cir. 1981)). And "a district court retains jurisdiction over collateral matters, such as … sanctions, while an appeal is pending." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999).

1

Federal Rule of Civil Procedure 60(a) permits a district court to correct an oversight, but because this case is currently pending in the Eighth Circuit, "such a mistake may be corrected only with the appellate court's leave." Nonetheless, in such circumstances the Federal Rules permit that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may" deny such motion or state that it would grant the motion if the appellate court were to remand for that purpose. Fed. R. Civ. P. 62.1(a). Defendants bring this motion requesting that this Court "enter an indicative ruling stating that it would correct the oversight and deny White's sanctions motion on the merits if the Court of Appeals remands the issue to this Court." [Doc. 75 at 1.]

## II. Analysis

Plaintiff first objects to this inquiry because he claims that this Court lacks jurisdiction to hear it, and that his Motion for Sanctions is not a collateral issue. [Doc. 76 at 1.] Plaintiff is correct that the Court cannot presently grant defendants' motion because of the pending appeal. However, as explained *supra*, Federal Rule of Civil Procedure notes that it is permitted for the Court to issue an indicative ruling stating how it *would* rule, if the case were remanded for that purpose. And plaintiff's assertion that his Rule 11 Motion is not collateral is refuted by the aforementioned Eighth Circuit holding in *Lupo*. 857 F.2d at 485. Plaintiff's objections thus both fail.

Turning to plaintiff's Motion for Sanctions itself, the Court would deny this motion for multiple reasons. First, plaintiff failed to comply with the Rule 11 procedural requirements. "Rule 11 specifically says, '[t]he *motion* must be served' on the other

2

party 21 days before being filed in court." *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102 (8th Cir. 2024) (quoting Fed. R. Civ. P. 11(c)(2)).  Plaintiff did not serve his Motion for Sanctions on defendants 21 days before filing with this Court.  This alone is sufficient to dispose of the Motion, and it would be denied on that basis.

But even if plaintiff had followed the proper procedure, the Court would deny the Motion for Sanctions because its allegations are baseless.  Plaintiff alleges that sanctions are warranted because defendants' attorney altered plaintiff's address "to hinder the Plaintiff from documents needed for his case." [Doc. 64 at 4.]  The evidence provided by the parties shows that on February 13, 2024, at 1:38 P.M., plaintiff emailed defendants' attorney stating that his address was "7450 Couty Road 266," with the word "County" missing the letter "n." [Doc. 74-2 at 2.]  Defendants' attorney sent a follow-up email at 1:40 P.M. asking whether plaintiff meant to write "7450 County Road 226," with the spelling error of "County" corrected, but mistakenly writing "226" instead of "266." *Id.* Plaintiff replied at 1:41 P.M. that defendants' attorney had the correct address. *Id.*

Plaintiff now claims that he "called [defendants' attorney] on February 13th, 2024, at 1:04 P.M. after he discovered the address [defendants' attorney] wrote" and that the defendants' attorney said he would make the relevant correction.  [Doc. 76 at 2.]  Plaintiff even provides a phone record of a call made to defendants' attorney at 1:04 P.M.  [Doc. 76-1.]  Plaintiff's assertion is absurd.  According to plaintiff, he called defendants' attorney to correct an email typo that would not be made until about a half an hour after that call.  Additionally, plaintiff does not even allege that he failed to receive documents

3

that may have been sent to the wrong address. [Doc. 64 at 7.] The Court would accordingly deny this preposterous and obstreperous request for sanctions.

Plaintiff lastly argues for sanctions against defendants' attorney because defendants' attorney "violated the plaintiff's right to privacy by getting information from the plaintiff's workmen's comp[ensation] file containing medical documentation." *Id.* at 2. Plaintiff seems to soften his stance in briefing on the present motion, instead arguing that defendants should have "acquire[d plaintiff's medical records] properly through discovery." [Doc. 76 at 3–4.] Regardless, plaintiff's claim is baseless because, as correctly noted in defendants' briefing, "[plaintiff] waived his right to medical privacy for mold-related health issues by placing his medical condition at issue when he filed his suit seeking damages for mold-related exposure. [Plaintiff's] waiver entitled Defendants to relevant documents necessary to defend against his claims. These documents included his FECA claim." [Doc. 75 at 5–6] (citing *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (holding that a party waived the privileged nature of her medical records in virtue of placing her medical condition at issue)) (internal citation omitted). Consequently, the Court would similarly deny plaintiff's request for sanctions on this basis.

### III. Conclusion

The Court concludes that, if plaintiff's Motion for Sanctions [Doc. 63] were to be presented on remand, the Court would deny it because plaintiff failed to follow the proper procedures and his claims are baseless. Accordingly, the Court will issue an order—which will accompany this memorandum and order—holding that defendants' request to

4

issue an indicative order is granted, and defendants' request to enter an Amended Order denying plaintiff's motion for Sanctions on the merits is held in abeyance.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Correct an Oversight in the Court's Order and for an Indicative Ruling is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that, to the extent the Motion Seeks the Court to enter an Amended Order denying Plaintiff's Motion for Sanctions on the merits, the Motion is **HELD IN ABEYANCE**.

**IT IS FINALLY ORDERED** that, to the extent the Motion seeks the Court enter an Indicative Ruling, the Motion is **GRANTED**.

Dated this 23rd day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE