IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTTY LEE WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:23-cv-00208-SNLJ |
| | ) |
| PAUL HOPKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Disqualify the undersigned and Request for a Master to be Appointed (Doc. 100) and Motion for Sanctions and Request for Master to be Appointed (Doc. 102). After reviewing the motions and the record before the Court, the motions are denied.

### Background

Plaintiff Scotty Lee White, proceeding *pro se*, filed this lawsuit against six employees of the Department of Veteran Affairs alleging civil rights claims and a FTCA claim. The Court dismissed all claims on July 2, 2024. (Docs. 66, 67). White appealed, (Docs. 68, 81), and on February 12, 2025, the Court's judgment was affirmed by the United States Court of Appeals for the Eighth Circuit (Doc. 90).

### Discussion

Despite the dismissal of his lawsuit, White continues to file motions in this Court. In the instant motions, White seeks disqualification of the undersigned based on allegations of bias (Doc. 100), a physical and mental examination of the undersigned

under Rule 35 (Docs. 100 and 102), and sanctions against defense counsel for alleged *ex-parte* communications with the court clerks (Doc. 102).

The recusal of a judge is required if the judge bears a "personal bias or prejudice concerning a party" and where the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455. "The test for determining whether a judge's impartiality might reasonably be questioned is an objective one." *A.J. by L.B. v. Kierst*, 56 F.3d 849, 861 (8th Cir. 1995). In other words, the recusal of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021) (quoted case omitted).

White argues the undersigned's rulings in this matter show bias and an inability to comprehend the facts and the law. "Unfavorable judicial rulings are not sufficient to require disqualification absent a showing of pervasive personal bias and prejudice." *Id.* at 588 (cleaned up). White's motion asserts no facts demonstrating bias or partiality, or any other disqualifying circumstance. And the Court's rulings have been reviewed and upheld by the Court of Appeals. Finding no reason for the undersigned's recusal in this matter, White's motion to disqualify the undersigned is denied.

Additionally, White's request for a physical and mental examination of the undersigned pursuant to Federal Rule of Civil Procedure 35 is denied. There are no grounds, nor any authority for such a request.

Further, White's request for sanctions is denied. White alleges that defense counsel had *ex-parte* discussions with court clerks and the clerks have entered evidence with his motions that he did not submit. (Doc. 102). However, there is no evidence that defense counsel requested the court clerks to enter evidence with White's motions not submitted by him, nor that the court clerks took such action. White has not supported his motion with facts or any relevant authority.

Finally, White's request for the appointment of a master under Rule 53 in this closed case is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify the undersigned and Request for a Master to be Appointed (Doc. 100) and Motion for Sanctions and Request for Master to be Appointed (Doc. 102) are **DENIED**.

**SO ORDERED** this 9th day of April, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
**SENIOR UNITED STATES DISTRICT JUDGE**

3