UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTTY LEE WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-0208-SNLJ |
| PAUL HOPKINS, in his official capacity as Medical Center Director, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Scotty Lee White's "Motion to Amend and Correct Pleading and Court's Final Order." (Docs. 92, 93). Defendants oppose the motion. (Doc. 94). For the reasons stated below, the motion is denied.

## Background

Scotty Lee White, proceeding *pro se*, filed his original complaint against six employees of the Department of Veterans Affairs' John J. Pershing facility in Poplar Bluff, Missouri on November 29, 2023. (Doc. 1). He filed an amended complaint on January 10, 2024. (Doc. 16). Defendants moved to dismiss White's claims. (Doc. 33). White then moved to file a second amended complaint (Doc. 43), which Defendants opposed (Doc. 52). On July 2, 2024, the Court denied the motion to file a second amended complaint and granted the motion to dismiss. (Docs. 66, 67). White appealed the judgment (Doc. 68), which was affirmed by the Court of Appeals on February 12, 2025 (Doc. 90).

More than seven months after the final judgment was entered, and six days after the judgment was affirmed on appeal, White filed the instant motion seeking relief from the judgment and leave to file a second amended complaint. (Doc. 92). In support of his motion, he cites Federal Rules of Civil Procedure 60(a), 59(e), 62.1, and 15(a) and submits purported "new evidence." (*Id.*).

## Discussion

### *Rule 60*

Although White cites to Rule 60(a),[1] the relief he seeks falls under Rule 60(b). *See* (Docs. 93, 99). Specifically, Rule 60(b)(2) allows for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail under Rule 60(b)(2), the movant must show that:

> (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result.

*Holmes v. United States*, 898 F.3d 785, 791 (8th Cir. 2018). The Eighth Circuit has held that if reasonable diligence would have allowed a party to obtain the needed evidence earlier, evidence is not considered new. *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997). "Motions under Rule 60(b)(2) on the ground of newly

---

[1] Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (cleaned up). Here, White seeks to have the judgment of dismissal set aside, which does not fall within the ambit of Rule 60(a).

2

discovered evidence are viewed with disfavor." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances" and it is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Id.*

The Court has reviewed the purported "new evidence" White offers in support of his motion and the vast majority is not new. In fact, some of the documents were submitted with White's motion to file a second amended complaint filed on March 27, 2024. *See* (Docs. 43 at 2, 43-1, 43-2, 92-9, 92-10). White could have obtained other evidence with reasonable diligence before the July 2, 2024 dismissal. And many of the documents submitted by White are not relevant to the claims in this lawsuit.

More importantly, however, none of the purported evidence provides a basis to vacate the judgment. He has offered no evidence, or any legal basis, to find that his FTCA claim as it relates to his allegation of whistleblower retaliation while he was employed by the VA is not preempted, that he exhausted his claim of post-employment whistleblower retaliation, or that his FTCA claim as it relates to alleged injuries from mold exposure is not barred by the applicable statute of limitations. (*Id.* at 9). Further, the documents he submitted do not alter the fact that based on the allegations in his Amended Complaint (Doc. 16) and proposed Second Amended Complaint (Doc. 49) his Fifth Amendment claim was barred by the doctrine of sovereign immunity, his Fourteenth Amendment claim failed because his lawsuit was against federal (not state) employees, or that he failed to state plausible claims under Titles II, III, and VI of the

3

Civil Rights Act of 1964.

Finally, to the extent he seeks to add a defendant – Lisa M. – to bring a new claim, the allegations do not date back to the original claims in this matter. From what the Court discerns, White's grievance with Lisa M. dates to February 2025. *See* (Docs. 92 at 9, 92-1 at 16-17, 93-10, 93-11). If White seeks to bring a new claim against a new defendant, he should file a new lawsuit in the appropriate Court.

### *Rules 59(e) and 62.1*

White's reliance on Rules 59(e) and 62.1 is altogether mistaken. A Rule 59(e) motion must be brought within 28 days after the entry of judgment. *See UMB, N.A. v. Guerin*, 89 F.4th 1047, 1057 (8th Cir. 2024). The instant motion is well outside that time frame.

Rule 62.1 applies to motions that a court lacks authority to grant while a case is on appeal. White filed the instant motion after the appellate decision affirming the judgment was issued and, subsequently, the formal mandate has been issued. *See* (Docs. 90, 91, 105).

### *Rule 15(a)*

White seeks leave to amend under Rule 15(a)(2). A motion to amend a complaint after dismissal may only be granted "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *UMB Bank, N.A.*, 89 F.4th at 1057 (cleaned up). Because White's request to vacate the judgment under Rule 59(e) and Rule 60(b) fails, his request to amend under Rule 15(a) fails as well.

4

## Conclusion

The Court finds no legal basis to set aside the judgment in this matter. White's motion has no merit and borders on being frivolous. The instant motion is one of three motions that White filed after the judgment of dismissal in this case was affirmed on appeal. *See* (Docs. 100, 102). The other two motions were frivolous and have been denied. (Doc. 106). White is warned that the filing of frivolous motions may lead to sanctions under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the court's inherent powers to manage its docket to achieve the orderly and expeditious disposition of cases and to sanction conduct which abuses the judicial process. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018). As previously stated, White's *pro se* status does not excuse him from complying with court orders or substantive and procedural law.

Accordingly,

**IT IS HEREBY ORDERED** that White's "Motion to Amend and Correct Pleading and Court's Final Order" (Docs. 92, 93) is **DENIED**.

**SO ORDERED** this __16th__ day of April, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE